UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**13 CV 5670**

Solomon Zwiebel, : Civil Action No.: _____

            Plaintiff,

v.

Rubin & Rothman LLC, : **COMPLAINT**

           Defendants.

For this Complaint, the Plaintiff, Solomon Zwiebel, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. This Court has original jurisdiction over Plaintiff's TCPA claims. Mims v. Arrow Fin. Serv., LLC, 132 S.Ct. 740 (2012).

3. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

5. The Plaintiff, Solomon Zwiebel ("Plaintiff"), is an adult individual residing in Monroe, New York, and is a "person" as defined by 47 U.S.C. § 153(10).

6. The Defendant, Rubin & Rothman LLC ("Rubin"), is a New York business entity with an address of 1787 Veterans Highway, Suite 32, Islandia, New York 11749, and is a

"person" as defined by 47 U.S.C. § 153(10).

7. Does 1-10 (the "Agents") are individual employees and/or agents employed by Rubin and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

8. Rubin at all times acted by and through one or more of the Agents.

## FACTS

9. Within the last three years, Rubin contacted Plaintiff in an attempt to collect a financial obligation allegedly incurred to a creditor (the "Creditor") by placing multiple calls to Plaintiff's cellular telephone.

10. At all times mentioned herein, Rubin contacted Plaintiff on his cellular telephone using an automated telephone dialing system ("ATDS") and/or by using artificial or pre-recorded messages.

11. Plaintiff has never provided his express consent to the Creditor or Rubin to be contacted on his cellular telephone.

12. Upon answering each of Rubin's telephone calls, Plaintiff heard a pre-recorded message requesting that Plaintiff return Rubin's call.

13. On several occasions during those past three years, Plaintiff also stayed on the line to speak with a live representative from Rubin.

14. During these conversations with Rubin, Plaintiff requested that Rubin cease all calls to his cellular telephone.

15. Despite Plaintiff's repeated and unequivocal requests that the calls cease, Rubin placed at least 18 additional Robocalls to Plaintiff in its collection efforts.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

16. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. At all times mentioned herein, Defendants contacted Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS") and/or by using artificial or pre-recorded messages in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

18. When Plaintiff answered the calls from Defendants, he heard artificial and/or pre-recorded messages.

19. The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

20. Plaintiff never provided his cellular telephone number to Defendants or to the Creditor through any medium.

21. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

22. Plaintiff never provided express consent to Defendants, the Creditor, or its agents to be contacted.

23. Plaintiff is informed and believes and thereon alleges that Defendants did not have prior express consent to place calls to his cellular telephone.

24. If Defendants at one time obtained prior express consent to place calls to Plaintiff's cellular telephone, Defendants no longer had consent to call Plaintiff after being repeatedly instructed by Plaintiff to cease all calls to him.

25. Each of the aforementioned calls made by Defendants constitutes a negligent or

intentional violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227, *et seq.*

26. As a result of each of Defendants' negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

27. As a result of each of Defendants' knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

3. Attorney's costs and fees; and

4. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 8, 2013

Respectfully submitted,

By _____
Sergei Lemberg, Esq. (SL 6331)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff